TATE, Judge.
This is a workmen’s compensation suit. The claimant sues his employer and the latter’s insurer. The trial court held that no residual disability was proved to have resulted from the work-accident. The claimant appeals from the dismissal of his suit.
The claimant fell twelve feet from a scaffold to the floor, was hospitalized for a week, and drew workmen’s compensation benefits for six weeks. He returned to work some seven weeks after the accident, discharged as fully cured by his attending physician. The chief injuries discovered immediately after the accident were a concussion and a linear fracture of a cranial bone, which were fully cured without residual.
The claimant, however, contends that he sustained, as a result of the accident, a disability or permanent loss of function, stemming from a permanent damage to his hearing organs which produces a dizziness when he attempts to climb and a constant buzzing in his ears. The principal question of this appeal is whether the trial court erred in rejecting this contention.
In support of his contention that his condition is causally related to his accident at work, the plaintiff principally relies upon the testimony of Dr. Harmon, an eye-ear-and-nose specialist. This specialist first examined the claimant in 1960, some three years after the accident. He testified that “if” (Tr. 40) the accident caused the condition, this was because the claimant had sustained contusions of the inner hearing mechanisms on both sides of his head at the time of his fall.
Accepting the plaintiff’s subjective complaints of a buzzing in the ears and of dizziness as correct, the specialist felt that the claimant was suffering from the Meni-eres Syndrome. This condition is caused by damage to the hearing mechanism from disease, drugs, or trauma. The only objective symptom of the condition was a slight loss of hearing (30-35 decibels) in the outer range of the plaintiff’s hearing, detectable only by sensitive audiogram tests and not by simple tests of gross hearing by tuning forks or whispering.
However, if the condition were caused by the accident, its symptoms should have first appeared soon after the trauma. Tr. 54.
To prove that they did, the claimant, his wife, and his son recollected (at the trial, which was held some six years after the accident) that the buzzing and the dizziness had appeared immediately after the accident. Nevertheless, the record shows that the claimant did not complain of the buzzing in his ears to the attending physician, who saw and treated him numerous times for a period of three months following the accident; nor were any such complaints on his part noted in medical examinations made of him at that time or thereafter in 1958 when he was examined by *409 two eye-ear-and-nose specialists (when his complaints were of a loss of vision, which the record conclusively proves is not causally connected with the trauma at work).
The claimant returned to his work some seven weeks after the accident, and he completed the construction job over the period of the next five months. He consistently worked thereafter at his trade as a carpenter during the six years intervening between the accident and the trial.
The specialist testifying for the plaintiff further stated that the hearing damage ■could have resulted from other causes, most ■common of which is the aging process in people after they reach 45 years of age. The claimant was 44 years of age at the time of the accident; he was 50 at the time of the trial.
Despite able counsel’s persuasive arguments, we find no error in the trial •court’s holding that the claimant did not prove that any hearing disturbance producing dizziness was causally related to the accident at work. Under the preponderance of the evidence, the symptoms indicative of any hearing disturbance did not appear until some three years after the accident. Considering this, the medical evidence indicates several other non-traumatic ■causes (such as aging) as more probable than the work-accident.
For the same reasons, we are unable to accept counsel’s argument that jurisprudence is applicable which holds that a claimant’s disability or medical impairment is presumed to have resulted from an accident, if before the accident the injured person was in good health or affected only with latent symptoms, but shortly thereafter the symptoms of the condition appear, providing that the medical evidence shows there is a reasonable possibility of a causal ■connection between the accident and the medical condition. Nixon v. Pittsburgh Plate Glass Co., La.App. 3 Cir., 161 So.2d 361; Normand v. Bankers Fidelity Life Ins. Co., La.App. 3 Cir., 148 So.2d 154; Blanchard v. Travelers Insurance Co., La.App. 1 Cir., 121 So.2d 515. Under the circumstances of the belated appearance of the symptoms, no presumption arises of any causal connection between the accident and the hearing disturbance.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.